UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80489-CIV-RYSKAMP/VITUNAC

EDWIN B. MISHKIN, AS SIPA TRUSTEE
FOR THE LIQUIDATION OF THE
BUSINESSES OF ADLER,
COLEMAN CLEARING CORP.,

        Plaintiff,

vs.

JEANNINE GURIAN, *et al.*

        Defendants.
_____/

## ORDER DENYING DEFENDANT, JEANNINE GURIAN'S, MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Jeannine Gurian's motion to dismiss **[DE 43]** filed on October 19, 2006. Plaintiff responded **[DE 46]** on November 2, 2006. This Court stayed the case **[DE 53]** on November 16, 2007. The stay was lifted **[DE 60]** on February 14, 2007. Defendant never replied. The motion is now ripe for consideration.

**Standard of Review**

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules "do

Page -1-

not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F. Supp. 2d at 1359. In considering a motion to dismiss, the court is confined to examining the four corners of the complaint. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

**Analysis**

Gurian claims that the amended complaint should be dismissed because Plaintiff failed to state his claim with sufficient detail and because the claim is not recognized by law. The amended complaint, generally, alleges that Gurian participated in a fraudulent transfer of the "Heritage Property" and seeks to have the property transferred to Plaintiff in satisfaction of a judgement entered in the Southern District of New York.

Defendant argues that the amended complaint must be dismissed for the following reasons: (1) the Second Circuit vacated and remanded the initial judgement entered by the Southern District of New York; (2) Gurian's son, Philip Gurian, was never joined to this action

and is a necessary party; and (3) Plaintiff failed to plead sufficient facts to state a claim of fraudulent transfer.  Finally, Gurian seeks an award of attorneys' fees and costs incurred in conjunction with having filed this motion.

Since the motion was initially filed, the New York District Court reinstated the judgement against Defendants in a new summary judgement order.  Second, Philip Gurian is not a necessary party to this action as the cases Gurian cited for that proposition clearly do not support that conclusion.  For example, and as explained in Plaintiff's response, *Martinez v. Balbin*, 76 So.2d 448 (Fla. 1954) held that the Plaintiff failed to name the transferees, who were a necessary party since Plaintiff sought to avoid a transfer to the transferees.  This argument does not translate to this situation thereby creating a necessity that the debtor be joined to the litigation.

Third, the complaint sufficiently stated claims for fraudulent transfer.  Plaintiff explained the statutory authority for his claim and alleged specific facts supporting the claim including numerous badges of fraud.  Additionally, this Court has already entered a preliminary injunction, which requires a finding that Plaintiff has a likelihood of success on the merits.  Thus, the motion to dismiss is denied.

Finally, this Court declines to award attorney's fees and costs to the Defendant in conjunction with the underlying motion.

The Court, being otherwise fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED that Gurian's motion **[DE 43]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 16 day of May, 2007.

 /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record